**Hardev SINGH, Petitioner,**

v.

**Michael B. MUKASEY [1], Attorney General, Respondent.**

Nos. 07–1797–ag (L), 07–2738–ag (con).

United States Court of Appeals, Second Circuit.

March 26, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Hardev Singh, Jackson Heights, New York, pro se, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, Gregory M. Kelch, Attorney, United States Department of Justice, Washington, District of Columbia, for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Hardev Singh, a native and citizen of India, seeks review of the April 5, 2007 order of the BIA affirming the September 13, 2005 decision of Immigration Judge ("IJ") Alan Vomacka denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hardev Singh,* No. A76 846 720 (B.I.A. Apr. 5, 2007), *aff'g* No. A76 846 720 (Immig. Ct. N.Y. City Sept. 13, 2005). The petitioner also seeks review of the June 1, 2007 order of the BIA denying his motion to reconsider. *In re Hardev Singh,* No. A76 846 720 (B.I.A. Jun. 1, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

### A. Asylum, Withholding of Removal, and CAT Relief

When the BIA agrees with the IJ's adverse credibility determination and emphasizes particular aspects of that decision without rejecting any of the IJ's findings, we "will review both the BIA's and the IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). This Court reviews de novo questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

We find that the IJ's adverse credibility determination was not supported by substantial evidence. In his decision, the IJ relied in large part on his finding that Singh presented "no information, no background information, no documents, etc., to portray himself as a person deeply involved with Sikh issues or the Sikh religion." This was despite the fact that Singh presented affidavits from different individuals that were corroborative of his claim, as well as a membership card that supported his claimed involvement with

the Akali Dal Mann. However, the IJ dismissed this evidence using flawed reasoning that was not supported by the record. Specifically, the IJ found that three of the typewritten affidavits submitted in support of Singh's application for relief looked "quite suspicious" given that they had "noticeable obvious similarities between the typewriter used" despite coming from different offices and different sources.

An IJ is "fully entitled to make findings concerning the authenticity of submitted evidence, based on her own examination and her professional analysis." *Souleymane Niang v. Mukasey*, 511 F.3d 138, 146 (2d Cir.2007). Such findings ordinarily merit deference. *Id.* However, we have "refused to credit the IJ's finding that submitted documents were false when we have determined that the IJ based his conclusion on unjustified assumptions and engaged in unsupported speculation." *Id.* A finding that particular documents are not authentic may not be based on flawed reasoning, speculation, or conjecture. *See Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir.2007). The point at which a finding "ceases to be sustainable as reasonable and, instead, is justifiably labeled 'speculation' . . . cannot be located with precision." *Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir.2006). However, while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience." *Siewe*, 480 F.3d at 168–69. Accordingly, so long as an IJ's finding is "tethered to record evidence, and there is nothing else in the record from which a firm conviction of

error could properly be derived," the Court will not disturb the agency's finding that the applicant's testimony was inherently implausible. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir.2007); *see also Siewe*, 480 F.3d at 169.[2] Even under this generous standard, we cannot find support for the IJ's findings in this case.

The IJ asserted that there was only a "one in a thousand chance" that Singh's affiants would use the same public typewriter. This was despite Singh's testimony that, to his knowledge, this was a common practice in that region of India. The IJ did not point to any evidence in the record or background materials that would rebut Singh's testimony and support the IJ's own theory about the prevalence and use of English language typewriters in India. *See Cao He Lin*, 428 F.3d at 405 ("absent record evidence of practices in foreign countries, the IJ must not speculate as to the existence or nature of such practices"). Instead, the IJ erroneously relied on his own speculation and assumptions. *See id.* at 405–06. Therefore, the IJ erred in deeming these documents to be inauthentic. *See Souleymane Niang*, 511 F.3d at 146.

The IJ also found that Singh was "close to speechless" when he was asked about the elections that he assisted with in India. Where an applicant gives "spare" testimony, the fact-finder may "fairly wonder whether the testimony is fabricated," and "may wish to probe for incidental details, seeking to draw out inconsistencies that would support a finding of lack of credibility." *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir.2003), *overruled in part on other grounds by Shi Liang Lin*, 494

---

**2.** Here, the IJ appeared to find both that the affidavits Singh submitted were fraudulent and that his assertions regarding these affidavits were inherently implausible. We note that Singh never denied that the affidavits were prepared on the same typewriter or notarized by the same notary.

F.3d at 305. Here however, it is unclear how Singh's testimony was "spare" where he testified to the different tasks that he was assigned during the elections, when the elections occurred, which election was opposed by the Akali Dal Mann organization, and which election was boycotted. Moreover, the IJ did not probe for additional details regarding the elections or draw out inconsistencies in Singh's testimony on that topic. *See id.* As such, Singh's alleged "speechlessness" was not supported by the record and as noted, was not a proper basis for the IJ's adverse credibility finding.

In addition, the IJ found that the inconsistencies and vagueness identified by an immigration officer in the report prepared after Singh's asylum interview deserved "some weight" in his adverse credibility determination. However, the IJ did not clarify which details within the report he relied upon, or how they related to his own adverse credibility findings. This lack of any meaningful analysis fails to provide substantial evidence in support of the IJ's credibility determination.[3] *See Poradisova v. Gonzales,* 420 F.3d 70, 77 (2d Cir. 2005).

It is evident that the IJ placed a significant amount of weight on these erroneous findings given that the remainder of his adverse credibility determination hinged on minor discrepancies in the documentary evidence that Singh submitted. Even assuming that such findings were not improper, we remand the case to the agency because it cannot be stated with confidence that the IJ would adhere to the same decision, absent the errors we have identified. *See Xiao Ji Chen v. U.S. Dep't of*

*Justice,* 471 F.3d 315, 339–40 (2d Cir.2006); *see also Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 111 (2d Cir.2006) ("The more central an errant finding was to the IJ's adverse credibility determination, naturally, the less confident we can be that remand would be futile"); *Bao Zhu Zhu v. Gonzales,* 460 F.3d 426, 433 (2d Cir.2006) (finding that remand was required where the IJ's flawed finding constituted the "bulk of the IJ's reasoning" and that, even if proper, the additional inconsistencies regarding "small details" could not "on their own support the adverse credibility finding").

## B. Adjustment of Status

We find, however, that the BIA did not err in determining that Singh was ineligible to adjust his status. Because Singh was determined not to be eligible for relief due to the revocation of his wife's approved visa petition, he did not have any right to delay the proceedings in an attempt to pursue some "speculative possibility" that he may become eligible for relief through an appeal process with the Department of Homeland Security. *See Morgan v. Gonzales,* 445 F.3d 549, 552 (2d Cir.2006).

In his motion to reconsider, Singh argued that the BIA erred in refusing to adjudicate his challenge to the revocation of his approved visa petition. The BIA denied that motion, concluding that neither it nor the IJ had jurisdiction to approve or revoke a visa petition. We review the BIA's denial of a motion to reconsider for abuse of discretion. *See Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006).

---

3. We have held that inconsistencies between an applicant's testimony and the report of an asylum interview may form the basis of a proper adverse credibility determination, as long as the report contains a "meaningful, clear, and reliable summary of the statements made by [the applicant] at the interview."

*See Maladho Djehe Diallo v. Gonzales,* 445 F.3d 624, 631–33 (2d Cir.2006). We have never held, however, that an IJ may rely on an immigration officer's assessment of the applicant's credibility to support his own credibility determination.

We find that the BIA did not abuse its discretion in concluding that Singh failed to demonstrate eligibility for relief based on his revoked visa petition. Given that Singh failed to provide any evidence that the petition had been approved, he did not demonstrate his eligibility to adjust his status. *See* 8 C.F.R. § 205.2. To the extent Singh contends that the BIA erred by ignoring the fact that Singh's wife had apparently appealed the revocation of her approved petition, it was not error for the BIA to decline to halt the proceedings pending the outcome of that appeal. *See Morgan,* 445 F.3d at 552.

Because Singh has not challenged the BIA's finding that he was ineligible for cancellation of removal, we deem that claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Accordingly, we deny the petition for review as to Singh's challenge to the BIA's refusal to revisit the revocation of the approval of his wife's visa petition. Such denial is dispositive of the petition for review in Docket No. 07–2738–ag (Con). However, we grant the petition for review in Docket No. 07–1797–ag (L) insofar as we find that the denial of Singh's application for asylum, withholding of removal, and CAT relief was not supported by substantial evidence.

For the foregoing reasons, the petition for review in Docket No. 07–2738–ag (Con) is DENIED. The petition for review in Docket No. 07–1797–ag (L) is GRANTED in part and DENIED in part, the BIA's decision is VACATED in part, and the case REMANDED for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.